IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WOLF RECOVERY FOUNDATION, and WESTERN WATERSHEDS PROJECT,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. FOREST SERVICE, and USDA APHIS WILDLIFE SERVICES,<br><br>    Defendants. | Case No.  CV 09-686-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiffs' motion for partial summary judgment on their third claim for relief.  The Court held oral argument on July 20, 2010, and took the motion under advisement.  For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

The plaintiffs seek a partial summary on their third claim for relief, alleging that a special use permit granted by the Forest Service to the Idaho Department of Fish and Game (IDFG) to use helicopters in the Frank Church Wilderness violates NEPA, the 1964 Wilderness Act, and the 1980 Central Idaho Wilderness Act.  The

defendants respond that the motion should be denied because this claim is moot; the helicopter flights have ended and the special use permit has been withdrawn.

Plaintiffs respond that this case falls within an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." *Serena v Mock*, 547 F.3d 1051, 1054 n. 1 (9th Cir. 2008). This exception only applies where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.*

These requirements cannot be met in this case. In its prior decision in this case, the Court stated that future helicopter use would add to the "disruption and intrusion" of wilderness values, face a "daunting review, " and "be extraordinarily difficult to justify." *See Memorandum Decision (docket no. 36).* The Court's opinion makes it clear that helicopter use in a wilderness area is "antithetical to a wilderness experience," and that the approval of the single project at issue here – based on unique facts – is unlikely to be repeated.

At the very least, the Court would expect the Forest Service, in its future proposals for  helicopter projects in wilderness areas, to abandon its reliance on categorical exclusions and prepare an EA or EIS. If, after reviewing such environmental reviews, the Forest Service decides to proceed with a helicopter

project in Idaho's wilderness areas, the Forest Service is on notice of this Court's concerns and would be expected to render a final decision enough in advance of the project so that any lawsuit seeking to enjoin the project could be fully litigated.

In that future litigation, the Court's earlier opinion in this case would have no precedential value because it was so narrowly focused on the very specific circumstances present at that time. In addition, the Clerk of the Court is directed to assign any similar future litigation to this Court.

Given this, the Court cannot find that the requirements are met to apply the exception to mootness for projects "capable of repetition yet evading review." Accordingly, the Court will deny WWP's motion for summary judgment.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the plaintiffs' motion for partial summary judgment (docket no. 15) is DENIED, based upon the findings set forth above.

DATED: **July 21, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge