Lauren M. Rule (ISB # 6863)
ADVOCATES FOR THE WEST
PO Box 1612
Boise ID 83701
(208) 342-7024
(208) 342-8286 (fax)
lrule@advocateswest.org

Laurence ("Laird") J. Lucas (ISB # 4733)
PO Box 1342
Boise ID 83701
208-424-1466 (phone and fax)
llucas@lairdlucas.org

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WOLF RECOVERY FOUNDATION, and WESTERN WATERSHEDS PROJECT, <br><br> Plaintiffs, <br><br> U.S FOREST SERVICE and USDA APHIS WILDLIFE SERVICES, <br><br> Defendants. | No. 09-cv-686-BLW <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE** |

## INTRODUCTION

Defendants have moved to strike portions of the Second Declaration of Kenneth Cole that they believe violate the rule that review of agency actions must be based on the administrative record (Dckt No. 73). Because these portions of the declaration fall squarely within the exception to the record review rule for information the agency should have considered but did not, it is proper extra-record evidence that the Court may consider.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE - 1

**ARGUMENT**

As one of the exceptions to the record review rule, a Court may consider extra-record evidence in reviewing agency action "if necessary to determine whether the agency has considered all relevant factors and has explained its decision." *Southwest Center for Biological Diversity v. U.S. Forest Service*, 100 F.3d 1443, 1450 (9th Cir. 1996); *see also National Audubon Soc'y v. USFS,* 46 F.3d 1437, 1447 (9th Cir. 1993) (allowing extra-record evidence where plaintiff alleges that an agency's NEPA document "neglected to mention a serious environmental consequence, failed to adequately discuss some reasonable alternative, or otherwise swept stubborn problems or serious criticism under the rug."); *Oregon Natural Desert Ass'n v. Rasmussen,* 451 F. Supp.2d 1202, 1208 (D. Or. 2006) (allowing extra-record declaration that addressed whether agency "considered all relevant factors in its NEPA analysis"). Indeed, "[i]t will often be impossible, especially when highly technical matters are involved, for the Court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not." *Inland Empire Public Lands Council v. U.S. Forest Service*, 88 F.3d 754, 760 (9th Cir. 1996).[1]

The information provided in the Second Cole Declaration to which Defendants object falls within this extra-record exception. The information and exhibits related to the wolf's role in its ecosystem is information that the agency should have considered but did not when assessing the impacts of removing wolves from an ecosystem. *Second Declaration of Kenneth Cole ¶¶ 16-19 & Exs. A-C* (Dckt. No. 69-3). Mr. Cole is not holding himself out to be a wolf expert, but

---

[1] Defendants assert that Plaintiffs should have sought to supplement the record by the deadline in the parties' case management order. *Def. Motion to Strike at 4.* But the information in the second Cole declaration does not seek to *supplement* the record by providing documents the agency considered but failed to include in the administrative record. Plaintiffs are providing information the agency *never* considered and thus is extra-record evidence that was not part of the administrative record.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE - 2

simply summarized the information contained in the references and exhibits he cites in his declaration concerning the impacts wolves have on the environment.

For instance, Mr. Cole briefly explains how wolves impact elk behavior, which in turn impacts vegetation and other wildlife in riparian areas. *Second Cole Decl. ¶ 16.* Wolves also benefit scavenger species like eagles, ravens, and crows, and can impact populations of small mammals as well. *Id. ¶¶ 17-18.* This information is relevant for studying the impacts to the ecosystem of removing wolves from an area, but which the agency failed to consider in its five-year reviews or categorical exclusions.

In addition, the information in the Second Cole Declaration pertaining to Wildlife Service's focus on central Idaho, including the SNRA, for its wolf control actions also falls within this same exception. *Second Cole Decl. ¶¶ 20-31 & Ex. D.* The basis for this information is within the administrative record. S*ee AR APHIS 001430-1511* (2005-2009 Wolf Activity Reports and Maps); *AR APHIS 002285-86, 002364, 2375-76* (discussing SNRA control actions). Mr. Cole is simply explaining the important aspects of this information that the agency failed to consider or even acknowledge when addressing the impacts of its actions.

Specifically, Mr. Cole points out that the agency's control actions have often removed wolves from the same packs in multiple years, and have focused on similar geographic areas within western and central Idaho, and within the central and eastern parts of the SNRA in particular where most recreation use also occurs. *Second Cole Decl. ¶¶ 20-31 & Ex. D.* Again, this information about the distribution and geographic location of wolf removals is an important aspect of the action that the agency should have considered in a NEPA analysis but did not.

The portions of the Second Cole Declaration that Defendants seek to strike pertain to whether the agency has considered all relevant factors and explained its decision, and thus

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE - 3

properly fall within this exception to the record review rule. *Southwest Center for Biological Diversity,* 100 F.3d at 1450. The Court should therefore deny Defendants' motion to strike portions of the Second Declaration of Kenneth Cole.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court deny Defendants' Motion to Strike.

Dated: October 28, 2010            Respectfully submitted,

      /s/ Lauren M. Rule
Lauren M. Rule
Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE - 4

**CERTIFICATE OF SERVICE**

        I hereby certify that on this 28th day of October 2010, I caused Plaintiffs' Opposition to Defendants' Motion to Strike to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent an electronic notice of filing to the following counsel of record:

Deborah Ferguson
Assistant U.S. Attorney, District of Idaho
Deborah.Ferguson@usdoj.gov

Kathryn M. Liberatore
U.S. Department of Justice
Kathryn.Liberatore@usdoj.gov

Beverly Li
U.S. Department of Justice
Beverly.Li@usdoj.gov

Kathleen Trever
Deputy Attorney General
Idaho Dept. of Fish and Game
kathleen.trever@idfg.idaho.gov

                                                  /s/Lauren M. Rule_____
                                                  Lauren M. Rule

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE - 5