LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO

Clive J. Strong
Chief, Natural Resources Division
Kathleen E. Trever (ISB # 4862)
Kathleen.Trever@idfg.idaho.gov
Deputy Attorneys General
600 S. Walnut Street
P.O. Box 25
Boise, ID 83707
Telephone: (208) 334-3771
Fax: (208) 334-4885

*Attorneys for Idaho Department of Fish and Game*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WOLF RECOVERY FOUNDATION, and WESTERN WATERSHEDS PROJECT, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FOREST SERVICE and USDA APHIS WILDLIFE SERVICES, <br><br> Defendants. | No. 09-CV-00686-BLW <br><br> DEFENDANT-INTERVENOR IDFG'S CROSS-REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (DOCKET # 74) AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CLAIM FOR RELIEF (DOCKET #69) |

Defendant-Intervenor Idaho Department of Fish and Game (IDFG) submits this Cross-Reply Memorandum in Support of its Motion for Summary Judgment (Docket No. 74) and in Opposition to Plaintiffs' Motion for Summary Judgment on Second Claim for Relief (Docket No. 69).

As noted by Plaintiffs in their Cross-Reply Brief, Idaho's Governor Otter has returned lead management authority for wolves in Idaho that are federally protected under the Endangered

Species Act to the U.S. Fish and Wildlife Service (USFWS).  This change in lead management authority, however, does not change the reality that it is <u>not</u> APHIS who determines whether wolves should be lethally controlled in response to livestock depredations.  That authority remains with the USFWS, which is not a party to this case.

As noted in IDFG's opening memorandum, the use of lethal control in response to livestock depredation on members of the nonessential, experimental population of wolves was a central tenet of USFWS' decision to introduce wolves.  USFWS evaluated the environmental impact of its (or its designated agents') authorization of lethal control actions, as well as the ability of private citizens to take lethal control actions in response livestock depredations, in the NEPA documents supporting its wolf introduction decision and related rulemaking.  The parameters of APHIS' wolf control actions are set forth by USFWS rules promulgated under Section 10j of the Endangered Species Act.  *See* IDFG's Opening Memorandum at 2-3; 50 CFR 17.84(n)(4)(viii).

Plaintiffs also overreach with their claim that actions conducted on State and private lands must be addressed by an impairment analysis under the Sawtooth National Recreation Area Organic Act.  The SNRA Act only imposes requirements on the Secretary of Agriculture to "*administer* the recreation area in accordance with the laws, rules, and regulations applicable to the national forests in such a manner as to best provide… (3) the management, utilization, and disposal of natural resources on *federally owned lands* … insofar as their utilization will not substantially impair the purposes for which the recreation area is established." 16 U.S.C. 460aa-1(a), Pub.L. No. 92-400, Sec. 2(a) (emphasis added).

Interpretation of a statute always begins with the plain meaning of its language.  *U.S. v. Rosas,* 615 F.3d 1058 (9th Cir. 2010).  The SNRA Act only imposes requirements on the

CROSS-REPLY MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, Page 2

administration of SNRA in accordance with national forest requirements. Private and state lands are not part of the SNRA, and activities conducted on them they are not subject to the laws, rules, and regulations uniquely applicable to the national forests.  Control actions conducted in response to depredations on state and private property, whether conducted by APHIS, USFWS, state entities, or private individuals clearly do not constitute "administration" of the SNRA.  The SNRA Act specifies no requirement for USDA to evaluate whether activities it may conduct on private or state land impair SNRA values.  Thus, the conduct of control actions outside the SNRA does not fall with the requirements of the SNRA.  The Court should reject Plaintiffs' attempt to expand federal land management requirements for the SNRA beyond its boundaries.

Plaintiffs have indicated that they are not seeking injunctive relief at this time, so IDFG will not speak further as to remedy in this reply.

Based on the foregoing, the Court should grant Defendant-Intervenor's motion for summary judgment and deny Plaintiffs' motion for summary judgment on Plaintiffs' Second Claim and deny all relief sought by Plaintiffs.

RESPECTFULLY SUBMITTED this 19th day of November 2010.

        LAWRENCE G. WASDEN
        ATTORNEY GENERAL
        STATE OF IDAHO

         /s/ Kathleen Trever
        Kathleen Trever
        Deputy Attorney General
        Idaho Department of Fish and Game

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of November 2010, I filed the foregoing CROSS-REPLY MEMORANDUM IN SUPPORT OF DEFENDANT-INTERVENOR'S MOTIN FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON SECOND CLAIM FOR RELIEF electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Laurence J. Lucas, Attorney for Plaintiffs
llucas@lairdlucas.org

Lauren M. Rule, Attorney for Plaintiffs
lrule@advocateswest.org

Deborah Ferguson, Attorney for Defendants
Assistant U.S. Attorney, District of Idaho
Deborah.Ferguson@usdoj.gov

Beverly Li, Attorney for Defendants
U.S. Department of Justice
Beverly.Li@usdoj.gov

Kathryn M. Liberatore, Attorney for Defendants
U.S. Department of Justice
Kathryn.Liberatore@usdoj.gov

    /s/ Kathleen Trever
Kathleen Trever
Deputy Attorney General
Idaho Department of Fish and Game