IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WOLF RECOVERY FOUNDATION, and WESTERN WATERSHEDS PROJECT,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FOREST SERVICE, and USDA APHIS WILDLIFE SERVICES,<br><br>Defendants. | Case No. 4:CV-09-686-BLW<br><br>**MEMORANDUM DECISION** |

# INTRODUCTION

The Court has before it cross-motions for summary judgment. The Court heard oral argument and took the motions under advisement. For the reasons expressed below, the Court will grant the defendants' motion, finding that the plaintiffs lack standing, and deny the plaintiffs' motion.

# ANALYSIS

Plaintiffs allege that defendant Wildlife Services is killing wolves in Idaho without conducting the analysis required under NEPA and the SNRA. Wildlife Services responds that plaintiffs lack standing to bring this action.

With the reintroduction of the wolf to Idaho, the Fish and Wildlife Service (FWS) was authorized under section 10(j) of the reintroduction regulations to conduct wolf

**Memorandum Decision - 1**

control activities.  *See* 50 C.F.R. § 17.84.  The FWS, an agency within the Department of the Interior, would often use Wildlife Services, a division of an agency within the Department of Agriculture, to conduct the wolf control activities.

In 2006, the State of Idaho was granted wolf control authority, to be exercised by the Idaho Department of Fish & Game (IDFG).  The IDFG, like the FWS before it, often used Wildlife Services to control wolves.  This was the situation in Idaho at the time plaintiffs filed this action on December 31, 2009.

Standing requires that plaintiffs show an injury in fact, fairly traceable to the defendant and likely to be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).  The plaintiffs bear the burden of establishing these elements.  *Id.*

In considering whether plaintiffs have satisfied their burden, the Court must evaluate their standing based on the facts "as they exist[ed] at the time the complaint was filed."  *Jacobs v. Clark County School Dist.*, 526 F.3d 419, 425 (9th Cir. 2008).  The Supreme Court has stated that if plaintiffs could not show redressability when they filed the action, they lacked standing even if later events "created a redressability (and hence a jurisdiction) that did not exist at the outset."  *Lujan,* 504 U.S. at 569 n. 4.

In this action, the plaintiffs seek to enjoin Wildlife Services from conducting wolf control activities.  But at the time this suit was filed, it is undisputed that the IDFG, a non-party, had the authority to conduct those same activities.  The record shows that the IDFG notified Wildlife Services that if it was not able to control wolves, the IDFG would take

**Memorandum Decision - 2**

over itself. *See APHIS AR* at 2500.

Thus, under the circumstances existing at the time suit was filed, an injunction banning Wildlife Services from killing wolves would not stop the IDFG from conducting the same activity. In other words, plaintiffs' alleged injury – the killing of wolves – would not be redressed by the relief they seek in this lawsuit.

Under similar circumstances, the Ninth Circuit found a lack of standing because the state of Oregon was likely to continue a cougar control program even if Wildlife Services was enjoined from doing so. *See Goat Ranchers of Oregon v Williams*, 2010 WL 2000687 (9th Cir. 2010). While this unpublished case is without precedential value, it may be cited, and is unpublished because it merely restates existing law. *See Ninth Circuit Rules 36-2 & 36-3.* And that existing law is that plaintiffs cannot establish redressability if the relief they seek will not prevent a non-party from carrying on the same activity and it is likely that they will do so. *Lujan,* 504 U.S. at 570-71. (finding redressability lacking because enjoining Secretary of Interior would not stop actions of other federal agencies contributing to alleged injury).

While that situation changed about ten months after this suit was filed, when the State turned its wolf control authority back over to the FWS, *Lujan* dictates that this change cannot be used to create redressability that did not exist originally. For that reason alone, plaintiffs lack standing.

Moreover, it is undisputed that the FWS – not a party to this case – is currently authorized to continue wolf control activities in Idaho. An injunction issued against

**Memorandum Decision - 3**

Wildlife Services – a division within the Department of Agriculture – does not apply to the FWS – an agency within the Department of the Interior. *See Kleppe v. New Mexico, 426 U.S. 529, 535 n. 5 (1976)* (injunction issued against Secretary of the Interior did not apply to Secretary of Agriculture). Thus, the FWS, or its delegates, could continue to kill wolves even if the Wildlife Services was enjoined.

Plaintiffs argue that there is nothing in the record showing that the FWS would continue the wolf control program. *See Plaintiffs' Sur-Reply Brief, Dkt. 89.* However, it is not defendants' burden to show a lack of standing; it is plaintiffs' burden to establish standing. *Lujan,* 504 U.S. at 560 It may be that the FWS would voluntarily agree to be bound by any injunction issued against Wildlife Services, but that is mere speculation and cannot satisfy plaintiffs' burden of proof. *NRDC v. EPA*, 542 F.3d 1235, 1244 (9th Cir. 2008) (citing *Lujan's* requirement that plaintiff's burden of proving redressability element of standing cannot be satisfied by speculation).

## CONCLUSION

For these reasons, the Court finds that plaintiffs lack standing. The Court will therefore grant defendants' motions for summary judgment. These motions sought an adjudication only of count two of the complaint. Plaintiffs stated at oral argument that the other counts of the complaint had been resolved. Accordingly, the Court will enter a separate judgment pursuant to Rule 58(a) and direct the clerk to close this case.



DATED: **January 20, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision - 5**